UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ZAMBRANO-VAZQUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>        Defendant. | Case No. C26-122-RSM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

## I.    INTRODUCTION

This matter comes before the Court on Petitioner Jose Zambrano-Vazquez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the responsive briefing filed by the parties, Dkts. #5-8, #12-15, and the remainder of the record. The parties generally agree as to the core facts of this case and disagree about the application of the law. Unless otherwise noted, the Court adopts the following facts from the verified petition, Dkt. #1.

//

//

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

## II.     BACKGROUND

Petitioner, a 36-year-old native and citizen of Mexico, entered the United States without inspection over thirty years ago when he was approximately two years old.

Petitioner was first placed in removal proceedings on May 4, 2011, following a 90-day jail sentence for malicious mischief in the third degree and park curfew violation in Vancouver, Washington. Immigration and Customs Enforcement ("ICE") served him with a Notice to Appear and released him on his own recognizance after satisfying a $2,500 immigration bond. Dkt. #6 at ¶¶ 5-6.

On October 31, 2012, Petitioner was arrested for possession of marijuana and methamphetamine. On November 29, 2012, while in state custody, the Government administratively closed Petitioner's immigration proceedings. After pleading guilty to possession of less than 40 grams of marijuana on December 20, 2012, Petitioner was sentenced to fifty days in jail (time served).

On December 26, 2012, Petitioner was transferred into ICE custody and his removal proceedings were re-calendared. On February 19, 2013, an immigration judge denied bond due to "mandatory detention under INA §236(c) as a result of his controlled substance conviction." *Id*. at ¶ 9. On October 8, 2013, due to changes in case law, the immigration judge redetermined Petitioner's bond at $8,000, which Petitioner posted and was released. On June 26, 2014, Petitioner and the Government jointly agreed to again administratively close his removal proceedings.

On April 9, 2021, Petitioner's marijuana possession conviction was vacated under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Petitioner has had no further arrests or criminal activity since 2012.

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

On November 12, 2025, ICE officers detained Petitioner at a gas station in Vancouver and transferred him to Northwest ICE Processing Center ("NWIPC"). On December 17, 2025, a bond hearing was held by the Tacoma Immigration Court, and Petitioner was denied bond "by the same Immigration Judge ["IJ"] who granted his $8,000 bond in October of 2013." Dkt. #1 at ¶ 19. This time, the immigration judge denied bond based on Petitioner's mandatory detention under § 235(b) and, in alternative, due to Petitioner's "long history with drugs" and being a danger to the community and a flight risk. See Dkt. #1-9. Petitioner notes that his drug history nor any other factors had changed since his prior bond determination by the immigration judge over a decade prior.

Prior to Petitioner's current detention, he resided in Vancouver, Washington, with his 5-year-old son and his son's mother.

On March 2, 2026, noting that Petitioner had an immigration court hearing on January 30, 2026, the Court directed the parties to indicate any changes in this case since the January 30 hearing and to produce any documents evidencing the immigration judge's alternative finding of flight risk and danger to the community at the December 17, 2025, bond hearing. See Dkt. #11.

The Government indicates that Petitioner had another hearing on March 2, 2026, and has a "merits" hearing on April 13, 2026, and remains at NWIPC. Dkt. #13. They also provided the same form order from the December 17, 2025, bond hearing that Petitioner included in his initial filing. Dkts. #14-1, #1-9.

In his response, Petitioner's counsel states that a recording of the December bond hearing does not exist. Dkt. #15 at 1. In his attached sworn affidavit, Petitioner's counsel recounted similar events from the December bond hearing as those noted in the habeas petition, Dkt. #1, and responsive briefing, Dkt. #8. Dkt. #15-2.

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

### III.  DISCUSSION

**A.  Due Process –** *Mathews* **Factors**

The Department of Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR") each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival. Most recently, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals ("BIA") held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A). Prior to the filing of this petition, this Court declared the above policy likely unlawful. *See Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment to the United States Constitution[1], which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of

---

[1] Petitioner also included a violation of the Fifth Amendment's right to counsel (*see* Dkt. #1, Count Four), but concedes in his Traverse that this issue is now moot. Dkt. #8 at 5.

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335. The Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested in public, detained, transferred to a detention facility, and remains in custody undoubtedly deprives him of an established interest in his liberty, an interest only strengthened by the Government allowing Petitioner to remain in the community since he posted bond in 2013 and his case was administratively closed in 2014. This interest is established "even if their release is subject to conditions." *Kumar v. Wamsley*, 2026 WL 251798, at *4 (W.D. Wash. Jan. 30, 2026) (collecting cases). "Petitioner's initial release on bond by the IJ strengthened Petitioner's liberty interest in remaining free from detention, and Respondents have not presented any evidence that Petitioner diminished his interest after the bond hearing." *G.R.R. v. Hermosillo*, 2026 WL 395268, at *3 (W.D. Wash. Feb. 12, 2026). This first factor weighs in Petitioner's favor.

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. This factor also weighs heavily in Petitioner's favor. The Government's reasoning – that his detention is mandatory under 8 U.S.C. § 1225(b), and that he is not entitled to an individualized bond based on the passage of time – clearly highlights this risk. The Government's contention that Petitioner is "an applicant for admission" and thus subject to § 1225(b) aligns with its "position [that] appears to be that any and all non-citizens not previously admitted to the United States are subject to mandatory detention." *A.C.J. v. Hermosillo*, 2026 WL 73857, at *4 (W.D. Wash. Jan. 9, 2026). Many district courts have found this "selective reading of the statute" unpersuasive and disregarding the plain meaning of the statute. *See id*. (compiling cases). Notably, the issuing officer of Petitioner's 2011 Notice to Appear specifically designated Petitioner as "present in the United States" rather than as "arriving." Dkt. #7-1. The Government's argument that "Petitioner was not released on parole or an OREC [Order of Recognizance]" is equally confusing and unavailing (Dkt. #5 at 9), as Petitioner was last released on bond in 2013 prior to his case being administratively closed in 2014.

The immigration judge's alternative reasoning, relying on Petitioner's history and finding him to be a flight risk and danger to the community, further highlights the risk of error deprivation. Petitioner has been released on bond and had his immigration proceedings closed for years, including after prior drug charges. With no changes in Petitioner's history since being before the immigration judge over a decade prior, the Court fails to see how this determination of Petitioner's "danger to the community" and "flight risk" is supported by the record. *See, e.g., W.T.M. v. Bondi*, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026) (finding bond denial "constitutionally deficient" where the immigration judge provided no reasoning but relied on forms reflecting "pending" charges that were dismissed and a recalled bench warrant to find

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6

flight risk); *see also Garcia v. Hyde*, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) ("Rather, the question is whether the evidence that the IJ relied on at the bond hearing could—as a matter of law—establish that [petitioner] posed a flight risk."). The Court finds that this risk of erroneous deprivation weighs in Petitioner's favor.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living for years in Washington with the permission of ICE and the immigration court, with no mention of any alleged violations by the Government other than his very presence in the country, and there is no change in his particular factual circumstances prior to arrest, the Government fails this factor. There is no evidence on the record that he is a flight risk or danger to the community. The Court finds that the Government's interest here is low.

In sum, the Court finds that the *Mathews* factors favor Petitioner, and the Government's arrest and detention of Petitioner with what appears no reasoning nor process violates Petitioner's due process protections under the Constitution.

**B. APA**

Petitioner also argues that the Government's conduct violates the APA. Dkt. #1 at ¶¶ 41-53. The Government argues that the APA does not apply here because Petitioner's claims have "a fully adequate remedy" via habeas corpus and "[a]dministrative detention during removal proceedings is an interim step, not a final agency action." Dkt. #5 at 6. The Government cites to *Gamez Lira v. Noem*, where the District Court of New Mexico concluded that it "does not understand a detention to fall within that category" of reviewable final agency actions. 2025 WL 2581710, at *4 (D.N.M. Sept. 5, 2025). However, several district courts within the Ninth Circuit

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 7

have concluded that "[a] government agency terminating an alien's status is subject to review under the APA as a final agency action when the termination has lasting consequences that would not be cured even if the agency reinstated status through its internal processes." *Aguilar-Perez v. LaRose*, 2026 WL 92045, at *5 (S.D. Cal. Jan. 13, 2026) (citing *Jie Fang v. Dir. U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3rd Cir. 2019) and *Doe v. Noem*, 778 F. Supp. 3d 1151, 1159 (W.D. Wash. 2025)); *A.B.D. v. Wamsley*, 2026 WL 178306, at *13 (D. Or. Jan. 22, 2026); *Noori v. LaRose*, 2025 WL 2800149, at *12-14 (S.D. Cal. Oct. 1, 2025). Because the Court finds that Petitioner's detention is in violation of his due process rights under the Constitution, the Court will not make a determination on Petitioner's APA claims at this time.

## IV.  CONCLUSION

Accordingly, having considered the instant petition, responsive briefings, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition, Dkt. #1, is GRANTED IN PART. The Court ORDERS that Petitioner shall be released from custody immediately and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this 9th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 8